**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., and STATE FARM FIRE AND CASUALTY CO.,**

Plaintiffs,

v.

**HYUNDAI MOTOR COMPANY, a South Korean Corporation**

Defendant.

Civil No. 01-627 (PAM/JGL)

**O R D E R**

---

APPEARANCES

Harry Sieben, Jr., Esq., for Plaintiffs.

Bard Borkon, Esq., for Defendant.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on October 19, 2001 on Defendant's Motion for Protective Order Staying Discovery Pending Resolution of Motions for Summary Judgment and Rule 11 Sanctions (Doc No. 13). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED OCT 19 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. INTRODUCTION

This case arises out of a 1995 automobile accident in which Jodi Carlson was severely injured. The car involved in the accident, a 1991 Hyundai Excel, was driven by Kyle Lindgren who was insured by State Farm Insurance Company. In the current lawsuit, Plaintiff State Farm ("State Farm") seeks contribution and/or indemnity from Defendant Hyundai ("Hyundai") as repayment for monies State Farm paid to Ms. Carlson.

On August 29, 2001, State Farm served Hyundai, America and Hyundai, South Korea with Plaintiffs' Interrogatories to Defendant HMC, Set I and Plaintiffs' Request for Production of Documents and Things to Defendant HMC, Set I. In the present motion, Hyundai seeks to stay discovery pending the District Court's ruling on its motion for summary judgment, which will be heard before the Honorable Paul A. Magnuson on November 16, 2001.

## II. DISCUSSION

Hyundai argues that a stay of discovery should be granted because it will likely win on summary judgment since the final judgment in Ms. Carlson's case against Hyundai held Hyundai not liable for her injuries. [1] Hyundai also argues that it would be very costly and inefficient for Hyundai to conduct discovery in a case which will be dismissed on summary judgment.

---

[1]The District Court granted Hyudai's motion to dismiss because Minn. Stat. § 169.685, subd.4 prohibited Ms. Carlson from introducing any evidence regarding her use of the car's seat belts. (Def. Ex. A at 7.)

State Farm responds that discovery should not be stayed merely on Hyundai's "belief" that it will win on summary judgment.

The Court has broad discretion to manage the pretrial scheduling of cases. See Fed. R. Civ. P. 16. This discretion includes the power to "discourage wasteful pretrial activities." Fed. R. Civ. P. 16(a)(3). The Court finds that at this early stage of the litigation, with a hearing on Hyundai's motion for summary judgment scheduled for November 16, 2001, it is reasonable to issue a partial stay of discovery pending the District Court's decision on that motion.

Accordingly, Defendant's motion will be granted with respect to the following:

(1) Discovery requests directed toward Hyundai, South Korea;

(2) All depositions; and

(3) Document requests directed toward Hyundai, America.

Hyundai, America must respond to State Farm's interrogatories within thirty days of this Order.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Defendant's Motion for Protective Order Staying Discovery Pending Resolution of Motions for Summary Judgment and Rule 11 Sanctions

(Doc. No. 13) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Order;

(2) Defendant Hyundai must comply with the Order and fully respond to Plaintiffs' Interrogatories to Defendant HMC, Set I by November 19, 2001; and

(3) If Defendant loses on its motion for summary judgment, the parties must contact this Court immediately to schedule a Pretrial Scheduling Conference per Federal Rule of Civil Procedure 16.

Dated: October 19, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge